Filed 3/22/21  P. v. Russell CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KARL JOSEPH RUSSELL,<br><br>    Defendant and Appellant. | D078167<br><br><br>(Super. Ct. No. SCN217314) |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General and A. Natasha Cortina, Deputy Attorney General, for Plaintiff and Respondent.

A complete statement of facts in this case is contained in this court's opinion, *People v. Russell* (2010) 187 Cal.App.4th 981, 984–987 (*Russell I*).  Briefly, on the night of September 5, 2006, a shadowy figure was seen acting suspiciously outside Klaas and Golda Meurs' residence in Oceanside.  He was

observed to then enter the Meurses' house. The residents of the house were not at home. Later, Carlsbad Police Sergeant Mickey Williams was in his marked patrol car when he observed the Meurses' white Oldsmobile stopped at a red light. Defendant Karl Joseph Russell was driving it. Williams saw defendant rapidly accelerate before the light changed. A chase ensued and ended when defendant crashed the Oldsmobile into the side of a pickup truck driven by Rodrigo Vega. Vega was killed. When the officer approached defendant at the scene of the crash, defendant threatened him, stated he had a gun, and ran away. He was later found hiding at the side of an office building.

## PROCEDURAL STATEMENT

On June 17, 2008, the District Attorney for San Diego County filed an amended information charging defendant with first degree murder in violation of Penal Code[1] section 187, subdivision (a) (count 1), evading an officer, causing death in violation of Vehicle Code section 2800.3 (count 2), residential burglary in violation of section 459 (count 3), and vehicle theft in violation of Vehicle Code section 10851, subdivision (a) (count 4). The information alleged defendant personally used a deadly weapon in the commission of the murder under section 12022, subdivision (b)(1), and personally inflicted great bodily injury in the commission of the theft under section 12022.7, subdivision (a).

On June 25, 2008, defendant was convicted of first degree murder, evading an officer causing death, burglary, and vehicle theft. The deadly weapon and great bodily injury allegations were found true. Defendant was sentenced to 25 years to life in prison.

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

He appealed his conviction. We denied his appeal, and the California Supreme Court denied review on December 1, 2010. (*Russell I*, *supra*, 187 Cal.App.4th 981.)

On March 20, 2019, defendant filed a petition for resentencing under section 1170.95 alleging he had been convicted of murder under the felony murder rule and could not now be convicted of murder because of the changes made in the law. Counsel appointed for defendant argued the trial court was prohibited from using the facts from the appeal filed on the conviction. In response, the prosecutor argued defendant was not entitled to relief because he was the actual killer. On October 16, 2020, the trial court ruled it could use an appellate court's opinion to establish the facts[2] and, after examining this court's opinion, it determined defendant was the actual killer, thus making him ineligible for resentencing under section 1170.95.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel states he has thoroughly reviewed the record and consulted with Appellate Defenders. He has summarized the proceedings and facts and has provided citations to the record. Counsel does not see any issues which if successful would modify or reverse defendant's convictions. He asks this court to independently review the record per *Wende* and *Anders*.

In order to assist the court in its independent review, counsel directs our attention to the denial of defendant's request to reduce his sentence under section 1170.95. He specifically asks that we examine under *Anders*

---

[2] This issue is pending before the Supreme Court in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted, March 18, 2020, S260598.

3

whether (1) the procedural protections under *Wende* and *Anders* extend to an appeal from a trial court's order denying a defendant's petition under section 1170.95; (2) whether the reviewing court in any event should conduct an independent review of the denial of section 1170.95 benefits; and (3) whether the denial of the petition was prejudicial. We requested supplemental briefing on this issue and the parties have responded.

After we issued our order requesting supplemental briefing on the necessity of our independent review of the record, defendant filed a supplemental brief of his own. The Attorney General contends, and we agree, that our question whether we should conduct an independent review of the record is moot because we must conduct an independent review and prepare an opinion discussing the defendant's issues in any event.

Defendant does not point to error in the court's denial of the petition. He argues instead against the felony murder rule and its application here, referring to Justice McIntyre's dissenting opinion in the direct appeal that the felony murder escape rule did not apply to the circumstances here. (*Russell I*, *supra*, 187 Cal.App.4th at pp. 996–997 [dis. opn., McIntyre J.].) We considered and rejected that position in 2010. Defendant also claims that the cause of the victim's death was not his reckless driving but the victim's failure to wear a seatbelt; that he was too intoxicated to form the specific intent to take anything permanently from the Meurses' house; that the prosecution was biased against him; and other arguments related either to the conduct of the trial in 2008 or the parameters of the felony murder rule in general.

Defendant's conviction was final, however, in 2010 when it reached final disposition. (See *People v. Covarrubias* (2016) 1 Cal.5th 838, 935.) Section 1170.95 does not authorize a review of the validity of the conviction

4

itself. Defendant's claim that he should not have been found guilty of felony murder is not a basis for relief under section 1170.95. Defendant was the sole participant in the death of the victim, during defendant's commission of and escape from his felony residential burglary. The trial court did not err in denying his petition under section 1170.95. (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 599 [sole killer not eligible for resentencing under section 1170.95].)

Defendant has been represented on this appeal by competent counsel.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.

5